IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBIN CRAIN IV | § | |
| v. | § | CIVIL ACTION NO. 6:16cv16 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robin Crain IV, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of various aspects of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Crain raised five claims concerning his burglary conviction from Dallas County and one claim concerning denial of good time and work time. After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed.

The magistrate judge first observed that Crain has a pending petition in the Northern District of Texas challenging the validity of his conviction and recommended that his claims in the present petition which also challenge that conviction be dismissed without prejudice.

Crain's remaining ground for relief argued that his good time and work time have no value because he is already eligible for parole. He suggested that he should be compensated in money for his good time in recognition of the work he does every day for free. He contended that paying inmates in good time and work time, which have no measurable value, is tantamount to slavery and he was not sentenced to a term of slavery or involuntary servitude. Crain further complained about

1

various aspects of the Texas good time laws and complained that he had not been released on parole. Crain asked that TDCJ be ordered to stop using inmate labor without express written and voluntary consent for each turn-out, pay minimum wage for good time to all inmates who had their good time removed in the last 20 years, either on release on parole or for cause, and stop giving disciplinary cases for refusing to work. He also asked that the Board of Pardons and Paroles be ordered to stop promoting good time as a total to reach parole.

The magistrate judge determined that under Texas law, good time does not reduce the length of a sentence but applies only to eligibility for parole or mandatory supervision. Crain is not eligible for release on mandatory supervision and his parole eligibility was calculated without regard to good time, but he is already eligible for parole based on service of flat (calendar) time.

Although Crain argued that he has a property interest in his good time credits, the magistrate judge stated that the courts have held no such property interest exists. He has received all of the value for his good time credits to which he was entitled by law. Compelling inmates to work without compensation does not violate the Constitution or amount to slavery or involuntary servitude; thus, the fact that inmates can forfeit good time for refusing to work is not a constitutional violation, nor is the fact that good time is not restored should a prisoner violate the terms of his parole or mandatory supervision. The magistrate judge went on to state that when a prisoner is released on parole or mandatory supervision, the prisoner does not "lose" his good time, but rather uses it for its intended purpose.

Crain further complained of the denial of parole, but the magistrate judge stated that Texas prisoners have no expectancy of or liberty interest in release on parole and thus cannot mount a challenge against any state parole review procedure on procedural or substantive grounds. Thus, Crani could not challenge the procedures used to deny him parole, including the fact that he received the same reasons for denial of parole four times or that a parole counselor may have reviewed his case. Because Cain offered no viable grounds for habeas corpus relief, the magistrate judge recommended that the petition be dismissed.

In is objections, Crain complains that

> [T]he state maintains such discretion to illegally determine whether and under what circumstances an inmate are [sic] paid (nothing) for their labor; however, can make us work, and charge for medical, commissary item(s), as well as take the awarded good time for not fulfilling such unconstitutional control due to they cannot maintain a viable Thirteenth Amendment claim if the prison system requires them to work (i.e. slavery).
>
> Furthermore, that statement alone is prejudice [sic] to the criteria of slavery upon which the court supports in accordance to that report and recommendation. Wherefore, the petitioner objection [sic] due to these facts of conspiracy and injustice fact findings and conclusions of law, that better establish the wrongness of the prison system and authority as well as the illegal activities of the Parole Board and method(s) of using the petitioner and other human beings as an animal and for personal gain; however, the property interest is me, but it doesn't exist, meaning as a human being. I don't exist nor as a public interest, according to such an opinion by the court.

The Fifth Circuit has held that inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work. Ali v. Johnson, 259 F.3d 317, 317 (5th Cir. 2001). Crain has no constitutional right to earn good time credits and thus no right to payment for those credits. Gurrola v. Perry, civil action no. V-13-006, 2013 U.S. Dist. LEXIS 46374 (S.D.Tex., February 4, 2013), *citing* Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Texas law provides that good time and work time credits do not become vested. Turner v. Johnson, 46 F.Supp.2d 655, 670 (S.D.Tex. 1999), *citing* Ex Parte Henderson, 645 S.W.2d 469, 472 (Tex.Crim.App. 1983). There is no constitutionally protected liberty interest in release on parole under Texas law. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Crain's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** as to the Petitioner's challenges to his conviction in Dallas County, and **DISMISSED WITH PREJUDICE** as to the Petitioner's claims concerning parole, mandatory supervision, and good time or work time. It is further

**ORDERED** that the Petitioner Rubin Crain IV is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 12th day of April, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE